has previously been addressed by you on your part, and we will call the first case of the day, United States of America v. Quincy Richard, and we will hear from Mr. Quincy Richard, representing Mr. Quincy Richard. Good afternoon. May it please the court. My name is Quincy Richard, Jr., and I have the honor, duty, and privilege to represent Mr. Quincy Richard, Sr., who, as of this date, has been incarcerated for six months of a 33-month sentence for violations of Section 666, in which the jury found him guilty. You're Mr. Richard, Jr.? In the short time I have, without waiving any of the other arguments, I'd like to address three points. First, Section 18 U.S.C. 666, as applied, is unconstitutional exercise of congressional authority. Hasn't that pretty well been decided? Sir? Hasn't that issue pretty well been decided? No, sir, Your Honor. Recently in Sabree, the Supreme Court took up the issue in which that person had a facial challenge to Section 666. In what sense? I'm sorry, say it again? In what sense? Unconstitutional in what sense? As applied. As applied. It upheld that it didn't, as a statutory const... Well, I thought you were arguing that it was unconstitutionally vague. No, no, no, no, no, sir. I'm arguing that it is unconstitutional as applied. Okay. And the reason I'm arguing that it's unconstitutional as applied, because here, Section 666, as applied to its conduct, pays no respect for dual sovereignty and federalism. As it encroaches on rights reserved specifically to the states, which in this case is education, maintenance of its own government, and crime. And as far as education, the Tenth Amendment guarantees that in reserves of policies, states, everything is not enumerated in the Constitution. In the area of education, lacking the constitutional power, Congress has been able to regulate education through the use of conditional grants and things of that nature, where states agree to certain conditions and policy objectives in exchange for federal funds. These funds are usually distributed from the Department of Ed to state and local school districts. However, Congress, when it established the act placing the Department of Education into the executive branch, paid respect and showed respect to this concept of federalism and states' rights when it involves education. As it established in the set, no provision of any applicable program shall be construed to authorize any department, agency, officer, or employee of the United States to exercise any direction, supervision, or control over the curriculum, program, institution, administration, or personnel matters of any school system or schools. Which is very relevant here because we're talking about a Louisiana board member, a private citizen, who if successful would have been deemed elected to be a Louisiana constitutional officer. Well, what's the coercion inherent in this spending clause violation? I'm sorry? Well, I thought the argument is that the states would be coerced by the federal government, right? No, the argument is that under 666 is not a conditional spending. However, like the funds with education where it doesn't grant any funds to the state or require them to do anything, all they do is require that once a state receives, an organization receives $10,000 in federal funds, then that's it. They submit themselves to jurisdiction of 666. Right. However, under education, because there is a power reserved to the states, only in conditional spending would Congress use the spending clause if education used to be influenced and dole limits that Congress is spending an area of education into a federal ranches, which here Congress may have a general interest in two board members accepting something in return, possibly being related to being elected school superintendent. However, they don't have a federal interest because all parties involved are paid by Louisiana funds because the Louisiana legislature under the Louisiana Constitution is responsible for maintaining public school education. Do you have any cases that suggest that? Suggest? That support your theory? No, ma'am. Actually, there's none because every time, the last case they tried was the Salinas case, and the Salinas case, like I said, upheld that there's no nexus between the federal and state funds, but left it open. And they said whatever applied in this one, but they found it applied because in Salinas, the defender was a sheriff and he was 666, they said, applied because he was accepting funds in return for special treatment for a prisoner being held in that prison. And it said because the prisoner, I mean the prison was under an agreement with the federal government on housing and the caring of the prisoner. They said it had applied because that was enough to make it apply to fall under the jurisdiction of 666, but left open the question of, and it specifically says, whatever may be said about another case, it is tied to this one because of the agreement between the federal government to provide funds to the prison to house this prisoner, and the sheriff was providing preferential treatment to the prisoner, which defined the duties of which the agreement was set in which he was supposed to be on the lookout for the prisoner. There are no other cases in which they said it's applied, and that's the last case in which it was actually even addressed. However, Sabree and many others have tried the facial attack, saying that Congress didn't have the authority to enact the statute in general, in which the Supreme Court said that they don't agree with facial attacks because it may apply in some cases but not, and just to facially discredit Congress's power in the spending clause to enact 1866, they were not going to do it. They never addressed, that was the only issue before the court in Sabree, whether it was under the power of Congress to enact 1866. Nothing more, not at whether the 1866 was constituted as applies to Sabree. And so therefore, there actually are none because everyone actually tried the facial attack, which is not what I am arguing in this matter. It's as applied because everything, all the parties involved in Louisiana with no federal funds, because the federal funds provided to states in the area of education, the Title I, individuals with disabilities, they all have certain procedures and protocols that states adopt and adhere to or feel the risk of losing the federal funds. None of the conditions that, in receipt of the federal funds, do the states waive their rights to enforce their own criminal laws because to do so would be, would defy federalism as the states cannot give the federal government the power to do something that they can't because that is preserved to the states. And in addition to education, states also have a priority in maintaining their own government. As I said before, the Louisiana Constitution places the responsibility for education on the legislature. The legislature also, in the Constitution, has a responsibility to provide for the school board, who in turn has to provide for, has to be like a superintendent. The school boards are, by law, are policymaking bodies. And in keeping with that authority granted to it during the Constitution, the St. Andrew Parish School Board themselves adopted a policy manual. In the policy manual, it specifically says board members are not allowed to act for or bind the board individually. However, for Mr. Richard to be convicted under Section 666, he has to be an agent with the definition of agent defined as someone who is authorized to act for or bind. So in essence, the federal government is saying, is disregarding the state's right to their own, to the rules and laws and establishing their own government by giving Mr. Richard more power than Louisiana and St. Andrew Parish in the area of education states itself. Also, Louisiana, through Lopez, we know, has the primary authority for enforcing criminal laws. Now, Sabria, of course, said that there doesn't have to be a nexus between the federal funds and the conduct, which, however, in this scenario, everything involved because, as I said before, in 79, when they established the Department of Ed, they prohibited any program from encroaching on administration personnel issues. This is all state issues. And in the past, when the interpretation of the statute would upset the balance of federalism, then Congress must expressly have an intent to enter that area in which the intent of Section 666 was to protect the integrity of federal funds. Whereas here, there are no federal funds in this conduct here. And it's significant that Louisiana themselves have a criminal law which caters to this exact issue, which means that federal government should not be able to encroach on their right and enforce 666 when Louisiana solely has that right. In addition to the constitutional arguments, there was some insufficient evidence arguments also. In Phillips, this court said that the definition of an agent is one who is authorized to act in particular agency with respect to his funds. That organization also has to be the beneficiary of excess of $10,000 in funds. Let me just boil it down to its essence. What is the reason that you are, I mean, the primary basis that you're contending that a member of the Board of Trustees, or is that what it was, the Board of Trustees? St. Landry Parish School Board. The school board member who controls, a member of the board that controls the school in terms of its finance and hire and fire? No, no, no. Excuse me, Your Honor, I may correct you. In St. Landry Parish, they are not in control of the hire and fire. What are they in control of? Why do they exist? They exist to govern and form as an extension of the Department of Education in Louisiana to make sure that the efficient administration of schools in St. Landry Parish are ran in accordance, and they form as a political subdivision as such. And why I mention that in this case is synonymous to Phillips, because the... The board doesn't hire the superintendent? The board only hires the superintendent only, who by Constitution of Louisiana is a constitutional school officer. That's the only position they actually hire. Do they have anything, do they have any kind of post-discharge proceedings that are heard by the board, by a teacher that's fired? Yes, the... They can reinstate that person? The superintendent may act in a judicial matter in which the superintendent decides to fire an individual, and they may act in here and see if there are any discrepancies that are not, that the superintendent may have fired them, which is not in compliance with board policy on the issues of hire and fire. They have the right to overrule the superintendent on a termination? Yes. In order... Well, the board members are authorized, are they not, to act on behalf of the board, or act as board members with respect to the expenditure of funds? The board... These policy... It specifically says, quote, in the Santa Ana Parish School Board Policy Manual, the board members are officers of the state, and they... No board member has the authority, individually, to act for or bind the board. I'm saying as a board member, though, you can vote on matters involving expenditures of funds. Is that correct? The board member does... The board does approve the school budget, and that budget is approved by a majority vote, which just has 13 board members, so a vote of 7. He was collecting a check. He was voting with respect to the expenditure of funds. He was attending the board meetings and voting with respect to other matters. You know, this court previously said an agent, for the purpose of 666, must be authorized to act on behalf of the agency with respect to the agency's funds. You've admitted that he can do that. And I agree. However, it must be authorized to act in relation to the funds, the federal funds, that they actually receive when the school board, which the Constitution removes from... We have rejected that argument. That's right. I'm sorry? We have rejected that argument. That? That the function had to relate directly to the federal funds before a violation of 666 was consummated. Oh, and I agree. But the board is provided for by the legislature with state funds. What is your argument? I'm trying to get to... What is your strongest argument here? The argument is that it is constitutional as applied, and also the evidence was insufficient to prove the benefits and the value of the transaction being exceeding $5,000 as by the statute, because under 666C, it exempts bonafide salary, wages, and fees. Now, that might be your strongest argument. And I haven't heard you say too much about that, have I? He was convicted because they said he accepted something of value in return for possibly having missed the case, maybe like the superintendent. And the transactional value here would be the salary, which the superintendent receives, which is approximately $120,000 by the indictment. However, the 666C exempts from the reach bonafide salaries, wages, and fees earned in the usual course of business. But according to this Court and the Seventh Circuit, the exception contained in 666C for bonafide wages and salary, it pertains to the wrongdoing or the bribe itself, but not with respect to the transactional element of the offense. So it appears to me that you may be right with respect to the bribery part of it. You can't look at his wages. But why can't, with respect to that, anything of value in the bribery part of that statute? Why can't you look at the fact that he took $5,000 of government funds? Because actually in the statute, by definition it says it has to accept something of value in return in relation to be something of $5,000 value of the transactional. The statute by itself in its plain wording makes clear that the $5,000 transactional value has to be valued what the person receives something of value and influence for. The statute doesn't say $5,000 in both areas. It says he just has to receive something of value. But does that 666C apply to the first part, the anything of value involving the bribe and not the transaction at the end of that section of the statute? Hasn't this Court found that? Yes, actually, in Duval. In Duval, actually, the Court actually said that it is clear that the transaction, that the anything of value has nothing to do with the statutory implications of 666. It is that the value exceeds $5,000 because 666 was enacted to protect the integrity of funds. The bribe has no value. However, they want to protect the funds that exceed $5,000 of federal funds. So yes, if Congress would have wanted the bribe amount to pay for both, they would have said so. And also in this case, in Salinas, they actually, in every case that has been interpreted with 666A1B, the value of the transaction was what the person was receiving in return for the something of value that the, I guess in this scenario, recipient would have received. And so, therefore, by that logic in Limsecum and Marejo and Salinas, Salinas was the only one that actually held where the bribe was used to satisfy both. However, it was used because the Court was first faced with the question of whether— I'm sure you have a red light on it, but you've saved some time for rebuttal. Yes, sir. We'll hear from you, Mr. Domingue. May it please the Court. I'm Camille Domingue, appearing for the United States, who is the appellee in this case. And I will address basically the three issues that counsel raised in argument and rely on my brief for the others, unless the members of the Court have questions about those. Beginning first— I would like to take you directly to the statute. And it does—I mean, it's difficult to understand in a lot of ways, but it seems to me that probably the better reading of it is that the thing of value that was issued in the transaction was, if anything, the salary of him. And if it was not the salary of him, it was nothing, because the vote is worth nothing standing in its abstract self. It's worth something only if it produces a result of getting the job for $120,000. So I don't know what the thing of value was that they were bribing him for, unless it was the salary. Well, the transaction was the vote. The thing of value is the money. I will give you $5,000 in exchange for your vote. And so the question becomes— What you're trying to do is make us dance on the head of a pin and say that the vote is not to be considered in any kind of context of what that vote meant and what it was meant to obtain. And that was meant to obtain a $120,000 job. Well, and I'll address that in a minute, Judge, because it's our alternative argument that you can use the $120,000 to value it. So I'll put that aside for a minute. But the vote is something of value. Now, it's an intangible— One worth a hoot, as it turns out. I mean, if the vote doesn't carry the day for the job that he was paying money for, it's valueless. Well, but I would suggest to you, Judge, it was not valueless. In this particular case, what eventually happens is Mr. Richard stays on the school board even after he's indicted, and he votes for the other guy, and the other guy gets the job. So the vote is worth something. No, at a negative value, it looks to me. Well, but it was worth something to Mr. Brown, the man who eventually won. And if Mr. Casimir would have gotten the vote, then it would have been worth something to him. Well, that's a big if, and that's why I'm saying you have to look at it in context. In fact, that's exactly what it seems to me you're arguing, is that you look at it in context. I mean, I guess our argument is that it is an intangible thing, that the vote or the transaction is the vote. The thing of value is the $5,000. I say I will give you $5,000 if you vote for me, or I want $5,000 in order to vote for you. So the thing of value that's being solicited, the statute prohibits either accepting or soliciting a thing of value. That's the $5,000. No, no, no. It says involving, involving anything of a value of $5,000. And if this doesn't involve the salary of $120,000, it makes the whole case senseless. But that's the transaction, Judge. The vote is the transaction. The process of the voting, the process by which Mr. Casimir might have become the superintendent is the transaction. And that's what we have to value. That's what needs to be valued. I'm not real sure about that, and I agree. It's a hard statute to interpret, which brings it to the point of if we can't understand what the statute means, I mean, well, you're frowning at me. I mean, I'm not chastising you for that at all, because you look like you don't understand what I'm saying, which maybe I don't myself. But the vote itself, I'm not sure that that's the transaction. I guess it is the transaction, but it says that this is the way I read it, just parsing it down. Any person who demands anything of value from another person, which he was demanding his vote, as you say. Your Honor, I would say the thing of value is the $5,000. I want $5,000 to vote. I thought I was talking, but I guess I wasn't. So go ahead. No, I mean, that's our position, that the thing of value is when Mr. Richard says, I want $5,000 to vote for you, that's the thing of value that he's soliciting. That's the thing of value that he ultimately accepted was $5,000. That's your position. I understand that. And the transaction is the process by which Mr. Casimir could become the superintendent of the St. Landry Parish School District. That's the transaction. That's what we have to value. Let me read it again, if you could be quiet and hold on just a minute. Anyone who demands anything of value from any person intending to reward him with a transaction or series, just a transaction involving, and this is an element of the statute, involving anything of value of $5,000 or more. And if this doesn't involve, this transaction doesn't involve the $120,000 job, I don't know what they were sitting down there trying to exchange money for. It does involve the job. I mean, that's what it was all about. Okay, well, that's what it says. Anything of value of $5,000 or more. No, that's the job. That's what I'm saying. So what's your problem? My problem seems to be you and Mr. May. I guess so. Judge, it's our position that the thing of value is the payment. I want $5,000 in cash. He actually wanted $7,500, but the victim says that's too much. So it was the cash value. If it was $1, that's not the . . . anything of value is not the thing that has to be worth $5,000. The transaction has to be worth $5,000. So we have to value the transaction. How do we do that? In Marmolejo, this Court says that you look at ordinary means of valuing things. We look at a marketplace approach. What is a willing buyer and a willing seller, you know, willing to do here? And so in this case, Mr. Richard was willing to accept $5,000, and Mr. . . . . . . not unnecessary and surplusage. Because . . . And what does that mean? If it says this section does not apply to a bona fide salary or other such and such reimbursement of course of business, if it doesn't involve that, why is that even there? How would you . . . That . . . Well, I think I'm asking her. I don't believe I asked you, but I may have. The Seventh Circuit actually has a good case on this. I'll provide the Court with a citation in a 28J. I believe the name of the case is Robinson, where it really addresses this 666C exception. You know, we want to make sure that this section is not applied to ordinary commercial transactions, to things conducted in the ordinary course of business, where I say, I'll pay your salary if you do X for me. Well, you're entitled to your salary. If you've got the job and you acquired it in a legitimate, what we call a bona fide way under the statute, if you're entitled to that money anyway, then that's not going to be bribery. You're entitled to it anyway. So, you know, we want to make sure that we're not applying the statute to ordinary commercial transactions. In this circuit, in Mar-a-Lago, in footnote . . . . . . that would be a potential crime under this statute to which Section C would operate as an exception, would operate to exonerate the . . . Well, I . . . . . . or fail to make it a crime. I think that's the point, Judge, that we want to make sure we're not making . . . Can you? I'm asking you for a hypothetical. Just put it out very calmly in straight language so I can understand it. Well, the difficulty is that it's not a crime. The difficulty is it means something that I said and not something that you said, unless it means nothing. No, it certainly means something. I mean, we want to make sure . . . Okay, just calm down. Just tell me what does it mean in terms of a hypothetical. How would it apply? Create the situation for me as to how you would apply it. You may be well able to do it. I'm open on this thing, actually. If I can say this first. In footnote 5 of Marmalejo, this court says . . . Do you understand? I ask you for an illustration. Don't give me footnotes. Give me an illustration. Well, we know that it can't apply . . . it doesn't apply to the $10,000. So I guess maybe you would have a situation . . . Just go ahead with your argument. . . . where there would be . . . Judge, I'm trying to think that maybe there would be a situation where . . . The problem is you can't think of it. Because . . . That's why you're beating around the bush and going under this door and that door trying to get out of it. Did the exception have anything to do with this trial? No, Your Honor. The jury was instructed that it could not consider bona fide salary. And Williams says that that's a jury question. And the jury was instructed that it couldn't consider bona fide salary. Now the argument in the motion to dismiss and the argument on appeal is that you can't use the $120,000 to value the transaction. And we say, well, yes you can because this was not bona fide. And Judge, that's my problem. The whole reason for the exception is to say this is not a crime. So it's hard for me to come up with a hypothetical in which I can say, well, that wouldn't be a prosecution because it wouldn't be a crime. So let's say, for example, that Mr. Casimir got the job legitimately, that the school board member went to him and said, I want you to do X, Y, and Z for me, and we will pay you your salary if you do it. Well, it's not a crime because he's entitled to the salary. It's in the ordinary court. Sir, absurd. That's my point, Judge.  That kind of thing is not going to happen. They're going to pay a salary. It's under a contract. So they can't bribe him from the salary that's already established. So that is, in my opinion, no good. Suppose you bribe somebody to give your girlfriend a job. That would clearly violate the statute, would it not? It is the payment of wages, but it's not bona fide payment of wages because she's the boom-boom girl. And that is the Sixth Circuit case in Mills, which is different from all of the other circuits. That's exactly what happened in Mills. You had someone who solicited payments to give their friend jobs. And the Sixth Circuit in Mills found that that was barred by the bona fide exception. But that's a minority opinion. But that is an example. Sixth Circuit opinion. That is a Sixth Circuit opinion. Is it consistent, more or less, with the view I've expressed, or is it not even? The Sixth Circuit. Is it consistent with, excuse me? Is it consistent with what I have expressed here in terms of the interpretation of that exception? Well, what the Sixth Circuit said in Mills is that these— You're not answering my question. Can you— Well, I think yes, Judge, in the sense that what the Sixth Circuit in Mills said was that's a job and that's a salary, and so you can't use the salary to value it. But I will tell you that there are other circuits that go the other way. The Seventh Circuit in Robinson. This circuit, arguably, if you look at the Williams case, which did use salary. Well, it did say that's not quite accurate. In Williams, it's a little hard to figure out what this Court's concern was. It just simply said it's not bona fide. The way those people got their payments wasn't bona fide. And it's hard to tell whether this Court's complaining about the fact that the people didn't work for the money or that they didn't get the job legitimately. It would be our position that if Mr. Casimir doesn't get the job legitimately because he paid for votes of people that otherwise wouldn't have voted for him, we think Mr. Richard probably wouldn't have voted for him if there wasn't the payment, and in fact never ultimately voted for him, then that's not bona fide salary. And that's the government's position here. Let me ask you something, if you don't mind. If I were to assume that the 666C exception applied to the bribery part of the statute and not the transactional element of the offense, if I were to assume that, okay, my question is this. Can the $5,000 bribe that Mr. Richard received, okay, or even the total of $10,000, can that be used to satisfy both the bribery part of this statute as well as the transactional element of the statute? Yes. That's the government's position, and this is what I was trying to address in footnote 5 in Marmolejo. This Court says in footnote 5 in Marmolejo that the exception doesn't that the exception is not intended to apply to the $10,000. It's intended to apply to the criminal act, the bribery part of it. And so in Marmolejo I'm not talking about the $10,000. I'm talking about the $5,000 transactional element at the end of this statute. So can that be satisfied? Assuming that that $660C exception only applies to the bribery part, that $5,000 exception. Yes. My question is can the bribe itself be used to satisfy the anything of value, the bribery part of the statute as well as the transactional element part of the statute? Yes, because that's exactly what happened in Marmolejo. In Marmolejo, and Judge Gell, you were on the panel in Marmolejo. I understand. It's true. The defendant in that case paid a bribe to the prison official. That was the case that eventually became Salinas in the Supreme Court, paid a bribe of I think it was $5,000 plus one, $6,000. That was used to value the transaction, and it was also the bribe. That's exactly what happened in Marmolejo. And the issue there was can this statute, can the thing of value, pertain to something intangible like a conjugal visit? But under that theory, you don't even have to debate the salary part of this, whether or not you use a salary because you can just use the bribe itself, if your theory is correct. That's correct, and that's the government's position, that you don't even have to get into the complicated analysis of the bona fide salary exception because under Marmolejo we can look at what a willing person would pay and what someone else would take. Talking about that was even more abstract than a vote. You're talking about sex. What is the market price of sex in an institution? I mean, it was a real stretch to try to get that under this statute, in my opinion. Well, there were two issues, of course, in Marmolejo. One, can it— How do you give market value to sex? And that's what the court said. There was one of two points on that. One, is the statute, can it apply to intangible— What's terrible? Can it apply to intangibles? Yes, that's what this court said. And two, how do we value an intangible? And in Marmolejo, somebody was willing to pay $5,000 to have a conjugal visit with their girlfriend. I don't understand why Judge Jolly's theory wouldn't cut the legs out from under the entire statute as far as bribery of public officials for their votes is concerned. I just don't understand it, because if you say that the amount that you pay influences your vote and your vote has no price or no value, then you can never criminalize bribe under this statute, which is quite the opposite of what it's intended to do. Except for the fact, and that's what we're talking about, is that we're talking about intangibles here. And whenever they're not intangibles, like votes or sex, which I don't think really is the common sort of bribe that is prosecuted under here. It's usually cash money or more specific tangible favors. Otherwise, it doesn't apply and it would have application only, and limited application only, it seems to me, in these abstractions where the government is prosecuting everything that raises its head in local corruption. Well, it is. It is what? Prosecuting everything that raises its head in local corruption. Well, that's what I'm saying, and doing so, prosecuting everything, it stretches from time to time, and this is a stretch. I don't know what Mayor Nagin was convicted of, but I do know that we recently affirmed a conviction of about three public officials in Dallas who were taking bribes to influence their votes on the Planning and Zoning Commission. And that is true. I mean, for people who serve on city councils and school boards, that is what they have that's valuable. Their ability to influence, Judge Afric asked if these individuals on the school board can dictate the way money is spent. Absolutely. The trial testimony from John Miller is that the superintendent would put proposals before the board, the board would vote on them, and those decisions would determine how money is spent. And $19 million of that money is federal money. And this is what 66th was, at least in part, intended to address. So for someone who's a member of a school board, the vote, though it's intangible, is what he has that's valuable. That's the coin of the round. Well, we do know that Mr. Richard and Mr. Miller each valued their vote at $5,000. Absolutely, because that's what they were willing to do. Actually, more than that, $7,500 each is what they asked for, right? They valued it just like in Mar-a-Lago. They valued it for what they could get for it. They . . . Just like sex, which has no market value, no established market value. Okay, there you go. Thank you. We'll hear the next . . . So what's one of our votes on a panel worth, Judge Jolly? Well, I think I'll save that for another day. Well, the MasterCard commercial, it has no value. These guys grade my papers, so I'm staying out of this. Okay, Mr. Shaw. Your Honor, just to rebut the points that she was trying to make, she's referencing the case of Mar-a-Lago, and of course the court is well aware of that being a case in which the defendant paid . . . I mean, not the defendant, the prisoner paid the sheriff for conjugal visits. The court was first faced with the question of whether 666 covers intangible things at all, and they said they did. Once it's determined it encompasses intangible things, they went on to have to find the value, how to value the things. And the court actually said they didn't value it from the perspective of what the sheriff was going to take. They said because the prisoner was willing to pay that amount of money to the sheriff, that the value had exceeded the $5,000. Whereas here, the federal government actually provided Mr. Casimir with that money, not Mr. Casimir himself. So by the logic in Mar-a-Lago, that vote would have a value to the federal government, not necessarily Mr. Casimir because he, the federal government, would be in the shoes as the prisoner in Mar-a-Lago . . . how do you say it? Mar-a-Lago, because they didn't value it from what the sheriff was willing to receive. They valued it from what the prisoner was willing to pay for. And here, the federal government was willing to pay $5,000 for it because that money is not an issue. The federal government provided that money to Mr. Casimir to provide to Mr. Richard. And the next point is the exception that the government was trying to speak of. In Mills, they found that the exception was applicable. As in Mills, the government tried to argue the procurement process was illegal, thus it could not be bonafide wages, salary and things of that nature. The court in Mills said that they took the legs from that argument because they said that the government never alleged that the positions were unnecessary or things of that nature. Yeah, but here, I think the difference here though is that that exception applies to bonafide salary paid in the ordinary course of business. And it is not the ordinary course of business for a superintendent candidate to bribe his way into his job. No, the ordinary course of business is for the school board to elect a superintendent. That is the business of the school board. But if you do it by bribing the vote. And actually Mills actually, in the Sixth Circuit in Mills actually addressed that issue. And they said the positions were necessary. The government didn't argue that they weren't unnecessary. So how can the money that they received not be bonafide if they actually performed the work? As here, if elected, $120,000 was the actual bonafide salary of the superintendent. So therefore, if he performs the work, then how can it not be bonafide wages? However, in the case in which Grubbs, United States versus Grubbs, they addressed this issue. In Grubbs, the defendant paid money because he needed two years extra employment by the sheriff's office to get his retirement. And so in exchange for the campaign contribution, he was created a position and gave salary of that nature. In which in that position, he did little to no work, no functions at all, and barely showed up. The court in Grubbs said that that's not bonafide because he didn't do anything and it was a position created. Whereas, in contrast to here, the St. Andrew Parish School Board was looking for a superintendent. By constitution, they need a superintendent. And unless Casimir, who does no work at all, then how can every dollar that he makes not be bonafide? The exception does not speak to the procurement process. It just says bonafide wages, fees paid in the usual course of business, which payments to the superintendent would be. And also, if there is this confusion as to whether it applies or not. At some point in time, how does the concept of leniency apply to Mr. Reshore? And he gets the favor of it being bonafide salary, wages, and fees looked at in favor of him because of the ambiguity in which it is applied. And so with that being said, we feel that the exception not only relates to the salary, wages, and fees. However, it also applies to the $10,000 because the exception says this section, i.e. section 666, does not apply to salary, wages, and fees. So at that point in time, it is valuing the transactional amounts, which invoke the jurisdiction of this court. It doesn't say only the salary it can apply to. It just says this section, which is 18 U.S.C. 666. Okay, Mr. Reshore, thank you very much. Appreciate your argument. Thank you.